IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
SEP X 1 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| PATRICIA VALERIO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| CYGNUS BUSINESS MEDIA, INC., a Delaware corporation, | ) **06CV4752** |
| | ) **JUDGE PALLMEYER** |
| | ) **MAG. JUDGE VALDEZ** |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, CYGNUS BUSINESS MEDIA ("Cygnus"), by its attorneys, pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1446(b), hereby removes this action from the Circuit Court of Cook County, Illinois, County Department, Law Division (the "State Court"), to the United States District Court for the Northern District of Illinois. In support of removal, Defendant states as follows:

1. On July 27, 2006, Plaintiff, Patricia Valerio, commenced this action by filing a Summons and Complaint in the Circuit Court of Cook County, Illinois. The action was assigned Case No. 2006L007951. A true and correct copy of the Summons and Complaint is attached as Exhibit A.

2. On August 4, 2006, Defendant, Cygnus Business Media, Inc., received a copy of the Summons and Complaint through service on its registered agent.

3. At all times relevant hereto, Patricia Valerio was and is a citizen of the State of Illinois.

4. At all times relevant hereto, Defendant Cygnus Business Media, Inc. is a Delaware corporation whose principal place of business is located at Fort Atkinson, Wisconsin.

5. The action seeks damages in excess of $75,000, exclusive of interest and costs.

6. This Court has jurisdiction of Plaintiff's actions pursuant to 28 U.S.C. § 1441(b) based upon a complete diversity of citizenship of the parties to this action.

7. This Notice of Removal is timely filed by Defendant pursuant to 28 U.S.C. § 1446(b) as interpreted by *Murphy Brothers v. Michetti Pipe Stringing*, 526 U.S. 344 (1999) because 30 days have not yet expired since the Defendant was served with the Complaint in the matter. Defendant Cygnus Business Media, Inc. is the defendant and first received a copy of the Summons and Complaint through service on August 4, 2006 on its registered agent.

Dated this 1st day of September, 2006.

            Respectfully submitted,

            CYGNUS BUSINESS MEDIA, INC.

            By: /s/ Charis A. Runnels
                  One of Its Attorneys

Philip A. Miscimarra
Charis A. Runnels
Morgan, Lewis & Bockius LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
Tel: (312) 324.1000
Fax: (312) 324.1001

Thomas R. Crone
Melli, Walker, Pease & Ruhly, S.C.
Ten East Doty, Suite 900
P.O. Box 1664
Madison, Wisconsin 53701-1664
Tel: (608) 257-4812
*[Application for Leave to Appear
Pro Hac Vice pending]*

# EXHIBIT A

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( ) |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

(Name all parties)

PATRICIA VALERIO

v.

CYGNUS BUSINESS MEDIA, INC., a Delaware corporation

2006L007951
CALENDAR/ROOM U
TIME 00:00
Breach of Contract

No. _____

National Registered Agents
208 S. LaSalle, Suite 1855
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 18264
Name: The Law Offices of Eugene K. Hollander
Atty. for: Plaintiff
Address: 33 North Dearborn, Suite 2300
City/State/Zip: Chicago, IL 60602
Telephone: 312-425-9100
Service by Facsimile Transmission will be accepted at: _____

WITNESS, JUL 27 2006

DOROTHY BROWN
CLERK OF COURT

Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

PATRICIA VALERIO, )
)
          Plaintiff, )
)
v. ) No.
)
CYGNUS BUSINESS MEDIA, INC., )
a Delaware corporation, )
)
          Defendant. )

2006L007951
CALENDAR/ROOM U
TIME 00:00
Breach of Contract

## COMPLAINT

NOW COMES, the Plaintiff, PATRICIA VALERIO, ("VALERIO" or "Plaintiff"), by and through her attorneys, The Law Offices of Eugene K. Hollander, and for her Complaint against the Defendant, Cygnus Business Media, Inc. (hereinafter "CYGNUS" or "Defendant"), states as follows:

1. Plaintiff, VALERIO, at all relevant times was a resident of Chicago, Illinois. Plaintiff currently resides in Aurora, Illinois

2. Defendant, CYGNUS, is a Delaware corporation and is engaged in the business of diversified business-to-business communications.

## BACKGROUND FACTS

3. Plaintiff was employed at Western Printing Machinery from September 2003 until December 2005. While employed at Western Printing Machinery, Plaintiff earned $65,000.00 per year plus commissions.

4. On approximately October 24, 2005, Defendant contacted Plaintiff regarding a position within its company.

5. Plaintiff then began a series of interviews with various CYGNUS publishers, editors, and human resources personnel regarding a position as a Sales Representative on two different CYGNUS publications.

6. During the course of Plaintiff's interviews with CYGNUS, she engaged in compensation negotiations with Tom Lynch, Group Publisher, and Judy Heidebrecht, Vice President Human Resources.

7. Plaintiff and Defendant negotiated a compensation plan based in part on an annual salary and commission on sales completed up to and over her budget. Plaintiff's budget would be determined on the territory she was assigned to.

8. On November 17, 2005 Plaintiff conversed with Tom Lynch regarding the closing of one of Defendant's publications, but Mr. Lynch assured Plaintiff it would not affect her hire into the company.

9. Plaintiff and Defendant negotiated a base salary of $60,000.00 on November 8, 2005.

10. Defendant, however, extended an oral job offer to Plaintiff for $53,000.00 on November 28, 2004.

11. That same day, Plaintiff submitted her resignation to Western Printing Machinery.

12. On November 30, 2005, Plaintiff rescinded her resignation and turned down the job offer from Defendant due to the amount of compensation offered.

13. Later, on November 30, 2005, Tom Lynch offered Plaintiff the Sales Representative position at a base salary of $60,000.00 plus commissions. Plaintiff agreed to take the position with Defendant on the condition that she was provided a formal, written offer.

14. On December 2, 2005, Plaintiff received a formal offer of employment from Defendant (see **Exhibit 1**). Plaintiff accordingly submitted her final resignation to Western

2

Printing Machinery and agreed to accept the position with Defendant starting on Monday, December 12, 2005.

15. On December 11, 2005, Tom Lynch contacted Plaintiff at her home to inform her that one of the publications in her territory had been cancelled.

16. On December 13, 2005, Vice President Human Resources, Judy Heidebrecht, called Plaintiff and told Plaintiff that there was no longer a position for Plaintiff within their company.

## COUNT I – BREACH OF CONTRACT

17. Plaintiff restates and realleges paragraphs 1 through 16 as if fully stated herein.

18. The first paragraph of Plaintiff's employment agreement stated, "This letter summarizes your conversation with Tom Lynch offering you the position of Sales Representative on *Professional Tool and Equipment News* and *Professional Distributor*, two Cygnus Business Media Publications. Your start date will be Monday, December 12, 2005" (see **Exhibit 1**). Plaintiff did not start on December 12, 2005.

19. The second paragraph of Plaintiff's employment agreement summarized her base salary and compensation plan (see **Exhibit 1**).

20. Defendant did not pay Plaintiff any of the salary she agreed to.

21. Defendant breached its contract with Plaintiff by failing to employ her and pay her the negotiated salary.

22. Plaintiff made a demand upon Defendant to employ her in any capacity with the company, but Defendant failed to find any employment for Plaintiff.

23. By reason of the Defendant's breach of contract, Plaintiff has been greatly damaged in that she has was not employed per her employment agreement and she was not paid the salary she negotiated with defendant.

**WHEREFORE**, Plaintiff, PATRICIA VALERIO, prays that the Honorable Court enter judgment against CYGNUS BUSINESS MEDIA, INC., a Delaware corporation, in the amount of at least $60,000.00, plus prejudgment interest, and all costs of this action.

## COUNT II – PROMISSORY ESTOPPEL

24. Plaintiff restates and realleges paragraphs 1 through 16 as if fully stated herein.

25. Defendant made a clear and unambiguous promise to Plaintiff offering her a position within the company as a Sales Representative for *Professional Tool and Equipment News* and *Professional Distributor*, two Cygnus Business Media Publications, as is evidenced in her offer of employment (see **Exhibit 1**).

26. Plaintiff, in reliance of the promise made to her by defendant, submitted her resignation to Western Printing Machinery

27. While employed by Western Printing Machinery, Plaintiff earned a base salary of $65,000.00 plus commissions.

28. Plaintiff's reliance on Defendant's promise was reasonable and such reliance should have been expected and foreseeable by the Defendant.

29. Defendant promised Plaintiff a Sales Representative position within its company along with an agreed upon amount of compensation.

30. Plaintiff, in submitting her resignation to her previous employer, relied upon Defendant's promised offer of employment and compensation to her detriment.

**WHEREFORE**, Plaintiff, PATRICIA VALERIO, prays that the Honorable Court enter judgment against CYGNUS BUSINESS MEDIA, INC., a Delaware corporation, in the amount of at least $60,000.00, plus prejudgment interest, and all costs of this action.

## COUNT III – FRAUD

31. Plaintiff restates and realleges paragraphs 1 through 16 as if fully stated herein.

32. On November 17, 2005, Tom Lynch falsely told Plaintiff that at least one publication on his "team" at Defendant company would be eliminated. Tom Lynch falsely advised Plaintiff on the same day that this elimination would not affect her or the job offer extended to her.

33. On November 28, 2005, November 30, 2005, and December 2, 2005 Judy Heidebrecht and Tom Lynch made a false oral and written statements offering a Sales Representative position to Plaintiff on behalf of Defendant

34. An offer of employment to Plaintiff was paramount in each and every conversation and negotiation held between Plaintiff and Defendant employees Judy Heidebrecht and Tom Lynch on October 27, 2005; November 8, 11, 17, 28, and 30, 2005; and December 1, 2, 11, and 12, 2005.

35. Based upon Tom Lynch's and Defendant's knowledge that at least one publication on the team for which the Plaintiff was hired would be closing, Defendant had full and complete knowledge that all statements and offers of employment made to Plaintiff on each date in Paragraph 33 were false.

36. Defendant's statements and offers to Plaintiff were made with the intent that Plaintiff accept an offer of employment with Defendant. After Plaintiff rescinded her initial acceptance on November 30, 2005, Tom Lynch requested that Plaintiff reconsider for an increased salary of $60,000.00.

37. Plaintiff reasonably relied and acted upon each statement and offer of Defendant when she submitted her resignation to her former employer on November 28, 2005 and on December 5, 2005.

5

38. It was Defendant's intention for Plaintiff to submit her resignation to her former employer when Tom Lynch and Judy Heidebrecht made employment offers to Plaintiff on November 28, 2005, November 30, 2005, and December 2, 2005.

39. Based upon Plaintiff's reasonable reliance on Defendant's offers of employment made in Paragraphs 33 and 37, she resigned from her former employer and suffered a loss of income of at least $62,000.00 for her base salary of $65,000.00 per annum, plus commissions, for a total of ninety-eight (98) days, and other monetary damages.

**WHEREFORE**, Plaintiff, PATRICIA VALERIO, prays that this Honorable Court enter judgment against the Defendant CYGNUS BUSINESS MEDIA, INC., a Delaware corporation, in an amount of at least $62,000.00 as and for her lost wages, $250,000.00 for punitive damages, and for costs of this action and reasonable attorney's fees.

Respectfully Submitted,

Plaintiff,
Patricia Valerio,

By: *[signature]*
One of Her Attorneys

Eugene K. Hollander
Erin E. Buck
**The Law Offices of Eugene K. Hollander**
33 North Dearborn Street
Suite 2300
Chicago, IL 60602
(312) 425-9100
Attorney No. 18264

## **AFFIDAVIT**

I, Erin E. Buck, being first duly sworn on oath, state:

1. I am an associate of The Law Offices of Eugene K. Hollander, 33 N. Dearborn, Suite 2300, Chicago, IL, 60602, and I am in charge of preparation and trial of the above-entitled manner.

2. Pursuant to Supreme Court Rule 222(b), the total money damages to be sought by Plaintiff exceeds FIFTY THOUSAND DOLLARS ($50,000).

_____
Erin E. Buck

SUBSCRIBED AND SWORN TO
before me this _____ day of

_____, 2006.


_____
Notary Public



1233 Janesville Avenue, Fort Atkinson WI 53538

December 2, 2005

Ms. Patricia Valerio
680 North Green Street
Chicago, IL 60622

Dear Patty:

We're very excited about your becoming part of the Cygnus organization! This letter summarizes your conversation with Tom Lynch offering you the position of Sales Representative on *Professional Tool and Equipment News* and *Professional Distributor*, two Cygnus Business Media publications. Your start date will be Monday, December 12, 2005.

The base salary for this position is $60,000 annualized. In calendar year 2006, you will receive 2% commission on all completed sales up to your sales budget of $900,000. You will earn additional commission to equate to a total of 11.5% of sales, for all completed sales in excess of your $900,000 budget. New compensation programs are developed annually.

Eligibility for employee health, dental and disability benefits become effective the first of the month following 30 days of employment; and life insurance is the first of the month following or coinciding with your hire date. Eligibility for the company 401(k) plan is the first of the quarter following date of hire with entry dates of January 1, April 1, July 1 and October 1.

We are eager to get you on board, Patty. Your background and prior experience will be a great asset as we continue to grow and position *Professional Tool* and *Equipment News* and *Professional Distributor*. As Sales Rep for *PTEN/PD*, you will have the opportunity to share in its success and achieve your personal career objectives as well. We all know you have the skill, knowledge and drive to be successful at Cygnus.

If you have any questions, please give me a call at 800/547-7377, ext. 1742 or fax acceptance to 920/568-3784.

Sincerely,                                                I hereby accept the above offer.


Judy Heidebrecht                                          Patricia Valerio
Vice President Human Resources
                                                          Date _____

This is not an employment contract, as all employment at Cygnus Business Media is "at will". Should there be significant changes in your responsibilities, your compensation program will be revised and changed as appropriate. The company does reserve the right to make such changes as business conditions may dictate.

## CERTIFICATE OF SERVICE

I, Charis A. Runnels, an attorney, certify that I served the foregoing DEFENDANT'S NOTICE OF REMOVAL by causing a true and correct copy of the same to be sent by U.S. mail to:

>Eugene K. Hollander
>Erin E. Buck
>The Law Offices of Eugene K. Hollander
>33 North Dearborn Street, Suite 2300
>Chicago, Illinois 60602

on this 1st day of September, 2006.

_____
Charis A. Runnels

1-CH/179672.1